## IN THE COUNTY COURT OF THE 7TH JUDICIAL CIRCUIT
## IN AND FOR VOLUSIA COUNTY, FLORIDA

Case No.

ERIK DISSINGER,

    **Plaintiff,**

v.

                                          **JURY TRIAL DEMANDED**

LVNV FUNDING LLC,

    **Defendant.**

_____/

## COMPLAINT

Plaintiff Erik Dissinger ("Plaintiff") sues Defendant LVNV Funding LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Volusia County, Florida.

3.     The amount in controversy is greater than $8,000 but not to exceed $15,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.     Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Volusia County, Florida.

2025 13492 CODL

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Volusia County, Florida.

6.      Defendant is a/an Delaware limited liability company, with its principal place of business located in Greenville, South Carolina.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Credit One Bank, and Plaintiff. In particular, the Consumer Debt relates to unsecured line of credit (the "Subject Service").

10.     The Subject Service was primarily for personal, family, or household purposes.

11.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12.     Defendant is a business entity engaged in the business of collecting consumer debts.

13.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15.     Defendant's "Consumer Collection Agency" license number is CCA9902540.

16.     Defendant maintains, and keeps current within seven days, all the information and documentation required by Florida Administrate Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff.

17.     Defendant maintains, and keeps current within seven days, Plaintiff's name and address. Fla. Admin. Code R. 69V-180.080(3)(a).

18.     Defendant maintains, and keeps current within seven days, the date any account relating to Plaintiff was placed with Defendant for collection. Fla. Admin. Code R. 69V-180.080(3)(b).

19.     Defendant maintains, and keeps current within seven days, the original account number associated with each account placed with Defendant for collection that involves Plaintiff. Fla. Admin. Code R. 69V-180.080(3)(b).

20.     Defendant maintains, and keeps current within seven days, the actual amount of the Consumer Debt submitted to Defendant for collection by the creditor. Fla. Admin. Code R. 69V-180.080(3)(c).

21.     Defendant maintains, and keeps current within seven days, all payments made by Plaintiff for each account placed with Defendant for collection, the date of each payment, the amount of each payment, and any remaining balance after each payment. Fla. Admin. Code R. 69V-180.080(3)(e).

22.     Defendant maintains, and keeps current within seven days, all documentation provided by the creditor that relate to Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(a).

23.     Defendant maintains, and keeps current within seven days, the date Plaintiff incurred the underlying debt and the date of the last payment made by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(b).

24.    Defendant maintains, and keeps current within seven days, the identity of the original creditor of the debt placed with Defendant for collection as known by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(c).

25.    Defendant maintains, and keeps current within seven days, the amount of each debt involving Plaintiff at the time of charge off. Fla. Admin. Code R. 69V-180.080(9)(d).

26.    Defendant maintains, and keeps current within seven days, copies of all letters, emails, and correspondence, whether written or electronic, sent to Plaintiff that relate to the account placed with Defendant for collection. Fla. Admin. Code R. 69V-180.080(10).

27.    Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

28.    Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

29.    Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

30.    Defendant reported the Consumer Debt to TransUnion, Equifax, and Experian (the "CRAs") in an attempt to collect a debt.

31.    Defendant reported the Consumer Debt to TransUnion, Equifax, and Experian (the "CRAs") in connection with the collection of a debt.

32.    Defendant reported false, misleading, incomplete, and inaccurate information regarding the Consumer Debt and Plaintiff to the CRAs (the "Volitive Information").

33.    The Volitive Information includes, but is not limited to, the failure to report the payment history associated with the Consumer Debt, the dated opened, the account status, terms, status updated, payment history, and amount.

34.     The Volitive Information is false, misleading, incomplete, and otherwise inaccurate because the history of payments made towards the Consumer Debt are completely omitted, the date the account is reported as being opened, updated, and most recently past due is after the account was charged by of the Original Creditor which causes Plaintiff to appear to be delinquent more recently than accurate, the amount exceeds the amount which is actually owed, and, based on its current reporting, the account will remain on Plaintiff's report longer than the law permits.

35.     Defendant knew the Volitive Information was false, misleading, incomplete and otherwise inaccurate because Defendant maintains, and keeps current within seven days, records reflecting the true and correct information as required by Florida Administrate Code Rule 69V-180.080.

36.     Defendant recklessly, and with complete disregard as to the consequences of its misconduct, reported false, misleading, incomplete, and otherwise inaccurate information regarding Plaintiff to the CRAs in connection with the collection of the Consumer Debt.

37.     Plainly, it appears as though Defendant pulled the Volitive Information out of thin air, willfully chose to omit key information relevant to Plaintiff's creditworthiness, and represented it as complete and accurate to the CRAs. Alternatively, Defendant willfully chose to report the Volitive Information while knowing it was false, misleading, incomplete, and otherwise inaccurate because Defendant is required to obtain, retain, and keep up-to-date within seven (7) days, the complete payment history, the date Plaintiff opened the underlying account, the date Plaintiff first became delinquent, and the true amount of of the debt to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation.

38.     Defendant's maintenance of records reflecting the complete payment history, the correct the date Plaintiff opened the underlying account, the date Plaintiff first became delinquent,

and the true amount of of the debt is necessary for it (Defendant) to lawfully operate as a debt collector in Florida because failure to maintain the minimum mandatory records, *see* Fla. Admin. Code R. 69V-180-080 ("A registrant shall, at a minimum, maintain all records specified in this rule."), of which includes the payment history, the date Plaintiff opened the underlying account, the date Plaintiff first became delinquent, and the true amount of of the debt invalidates Defendant's Consumer Collection Agency license and renders any and all conduct done in an attempt to collect a debt from a Florida consumer by Defendant unlawful.

39.     As a result of Defendant reporting the Volitive Information, the Consumer Debt will erroneously remain on Plaintiff's credit for more time than allowed by law and negatively effects Plaintiff's credit worthiness.

40.     As a result of Defendant reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have been delinquent more recently than accurate.

41.     As a result of Defendant reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have never made any payments towards the Consumer Debt.

42.     As a result of Defendant reporting the Volitive Information, or more pointedly, failing to report the payments previously made by Plaintiff towards the Consumer Debt, makes it appear as though no payments towards the Consumer Debt have ever been made and that the amount Defendant seeks to collect is the full and original amount Plaintiff allegedly agreed to pay.

43.     Defendant knowingly or recklessly provided false information to the CRAs concerning the date the Consumer Debt was placed with Defendant collection, as the dates listed by Defendant are more recent than is accurate. Listing the dates placed for collection as more

recent than is accurate negatively effects credit scores and credit worthiness of Plaintiff because it makes Plaintiff appear to have been delinquent more recently.

44.    On November-2024, Defendant continued to report the Volitive Information.

45.    On or about December-2024, Plaintiff obtained copies of Plaintiff's credit reports from the CRAs to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

46.    Upon reviewing Plaintiff's credit reports, Plaintiff learned that Defendant was reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Consumer Debt.

47.    As a result of Defendant reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Consumer Debt to the CRAs, Plaintiff became upset, distressed, and on more than (2) occasions lost three (3) hours of sleep. Plaintiff became anxious as to whether Plaintiff would be able to correct Defendant's reporting of the Volitive Information or whether Plaintiff would be forced to endure the negative consequences of Defendant's false, misleading, incomplete, and otherwise inaccurate information until more than seven years have passed from the delinquency date reported by Defendant.

48.    As a result of Defendant reporting the Volitive Information to the CRAs in connection with the collection of the Consumer Debt, Plaintiff expended time drafting disputes to the CRAs regarding the Volitive Information, as well as incurring the cost of mailing the disputes the CRAs.

49.    Plaintiff wasted time drafting and mailing the disputes to the CRAs as a result of Defendant reporting of the Volitive Information in connection with the collection of a debt.

50.    Plaintiff incurred more than $10.00 in costs mailing the disputes the CRAs as a result of Defendant reporting the Volitive Information in connection with the collection of a debt.

51.    Defendant lacks policies and procedures reasonably adapted to prevent reporting false, misleading, incomplete, and otherwise inaccurate information to the CRAs.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692e

52.    Plaintiff incorporates by reference ¶¶ 8-51 of this Complaint.

53.    Section 1692e of the FDCPA prohibits the use of "**false, deceptive, or misleading representation or means in connection with the collection of any debt**." 15 U.S.C. §1692e (emphasis added).

54.    As stated above, Defendant reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collect of a debt from Plaintiff. Pointedly, Defendant failed to report the complete payment history, as well as falsely and/or misleadingly represented the dated opened, the account status, terms, status updated, payment history, and amount.

55.    Thus, by reporting the Volitive Information to the CRAs, Defendant made false, deceptive, and/or misleading representation in connection with the collect of the Consumer Debt. in violation of § 1692e of the FDCPA.

56.    As a result of Defendant reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Consumer Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

57.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] actual damages as provided by 15

U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

58.    Plaintiff incorporates by reference ¶¶ 8-51 of this Complaint.

59.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he false representation of the character, amount, or legal status of any debt**." 15 U.S.C. § 1692e(2)(A). (emphasis added).

60.    As stated above, Defendant reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collect of a debt from Plaintiff. Pointedly, Defendant failed to report the complete payment history, as well as falsely and/or misleadingly represented the dated opened, the account status, terms, status updated, payment history, and amount.

61.    Thus, by reporting the Volitive Information to the CRAs, Defendant made false representations regarding the character, among, and legal status of the Consumer Debt in violation of § 1692e of the FDCPA**.**

62.    As a result of Defendant reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Consumer Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

63.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692e(8)

64.    Plaintiff incorporates by reference ¶¶ 8-51 of this Complaint.

65.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[c]**ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false….**" 15 U.S.C. § 1692e(8). (emphasis added).

66.    As stated above, Defendant reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collect of a debt from Plaintiff. Pointedly, Defendant failed to report the payment history, as well as falsely and/or misleadingly represented the dated opened, the account status, terms, status updated, payment history, and amount.

67.    Here, Defendant knowingly chose to report the false, misleading, and/or otherwise incomplete information to the CRAs because the *correct* and *complete* information is among the information Defendant is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Defendant *must* possess to lawfully collect consumer debts from Florida consumers. Fla. Stat. § 559.553(1) ("A person may not engage in business in this state as a consumer collection

agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.").

68.     As such, Defendant communicated to any person credit information which is known or which should be known to be false in violation of § 1692e(8) of the FDCPA by falsely reporting the Volitive Information to the CRAs because the *correct* and *complete* information among the information Defendant is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Defendant *must* possess to lawfully collect consumer debts from Florida consumers.

69.     As a result of Defendant reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Consumer Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

70.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

71.     Plaintiff incorporates by reference ¶¶ 8-51 of this Complaint.

72.     The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he use of any false**

**representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**" 15 U.S.C. § 1692e(10). (emphasis added).

73.    As stated above, Defendant reported false, misleading, incomplete, and otherwise inaccurate information to the CRAs in connection with the collect of a debt from Plaintiff. Pointedly, Defendant failed to report the complete payment history, as well as falsely and/or misleadingly represented the dated opened, the account status, terms, status updated, payment history, and amount.

74.    Thus, by reporting the Volitive Information to the CRAs, Defendant used false representations and deceptive means to attempt to collect the Consumer Debt of § 1692e(10) of the FDCPA**.**

75.    As a result of Defendant reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Consumer Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

76.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

DATED: March 5, 2025

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**

Florida Bar No. 118517
E-mail:     Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*