IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIK DISSINGER,

    Plaintiff,

v.                                 CASE NO. 6:25-cv-00646-PGB-DCI

LVNV FUNDING, LLC,

    Defendant.
_____/

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant LVNV Funding, LLC ("LVNV") respectfully answers Plaintiff's Complaint [ECF No. 1-1] as follows:

## JURISDICTION AND VENUE

1. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 1 of the Complaint. As such, LVNV denies these allegations.

2. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 2 of the Complaint. As such, LVNV denies these allegations.

3. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 3 of the Complaint. As such, LVNV denies these allegations.

1

4. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 4 of the Complaint. As such, LVNV denies these allegations.

## PARTIES

5. Admitted upon information and belief.

6. Admitted in part, denied in part. LVNV admits it is a Delaware limited liability company. LVNV denies all remaining allegations in ¶ 6 of the Complaint.

## DEMAND FOR JURY TRIAL

7. Admitted in part, denied in part. LVNV admits Plaintiff demands a trial by jury. LVNV denies the existence of triable issues of fact. To the extent that triable issues of fact are found to exist, LVNV demands a trial by jury on all issues of fact so triable.

## FACTUAL ALLEGATIONS

8. LVNV denies the allegations in ¶ 8 of the Complaint.

9. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 9 of the Complaint. As such, LVNV denies these allegations.

10. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 10 of the Complaint. As such, LVNV denies these allegations.

11. LVNV denies the allegations in ¶ 11 of the Complaint.

12. LVNV denies the allegations in ¶ 12 of the Complaint.

13. LVNV denies the allegations in ¶ 13 of the Complaint.

14. Admitted.

15. Admitted

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. LVNV denies the allegations in ¶ 28 of the Complaint.

29. LVNV denies the allegations in ¶ 29 of the Complaint.

30. LVNV denies the allegations in ¶ 30 of the Complaint.

31. LVNV denies the allegations in ¶ 31 of the Complaint.

32. LVNV denies the allegations in ¶ 32 of the Complaint.

33. LVNV denies the allegations in ¶ 33 of the Complaint.

34. LVNV denies the allegations in ¶ 34 of the Complaint.

35. LVNV denies the allegations in ¶ 35 of the Complaint.

36. LVNV denies the allegations in ¶ 36 of the Complaint.

37. LVNV denies the allegations in ¶ 37 of the Complaint.

38. LVNV denies the allegations in ¶ 38 of the Complaint.

39. LVNV denies the allegations in ¶ 39 of the Complaint.

40. LVNV denies the allegations in ¶ 40 of the Complaint.

41. LVNV denies the allegations in ¶ 41 of the Complaint.

42. LVNV denies the allegations in ¶ 42 of the Complaint.

43. LVNV denies the allegations in ¶ 43 of the Complaint.

44. LVNV denies the allegations in ¶ 44 of the Complaint.

45. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 45 of the Complaint. As such, LVNV denies these allegations.

46. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in ¶ 46 of the Complaint. As such, LVNV denies these allegations.

47. LVNV denies the allegations in ¶ 47 of the Complaint.

48. LVNV denies the allegations in ¶ 48 of the Complaint.

49. LVNV denies the allegations in ¶ 49 of the Complaint.

50. LVNV denies the allegations in ¶ 50 of the Complaint.

51. LVNV denies the allegations in ¶ 51 of the Complaint.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e

52. LVNV incorporates ¶¶ 1-51 of this Answer as though more fully set forth here.

53. Admitted in part, denied in part. LVNV admits only the accuracy of any properly quoted statutory language included in ¶ 53 of the Complaint. Otherwise, LVNV denies these allegations.

54. LVNV denies the allegations in ¶ 54 of the Complaint.

55. LVNV denies the allegations in ¶ 55 of the Complaint.

56. LVNV denies the allegations in ¶ 56 of the Complaint.

57. LVNV denies Plaintiff's entitlement to any relief, including but not limited to the relief sought in ¶ 57 of the Complaint.

WHEREFORE, Defendant LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with Prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

58. LVNV incorporates ¶¶ 1-57 of this Answer as though more fully set forth here.

59. Admitted in part, denied in part. LVNV admits only the accuracy of any properly quoted statutory language included in ¶ 59 of the Complaint. Otherwise, LVNV denies these allegations.

60. LVNV denies the allegations in ¶ 60 of the Complaint.

61. LVNV denies the allegations in ¶ 61 of the Complaint.

62. LVNV denies the allegations in ¶ 62 of the Complaint.

63. LVNV denies Plaintiff's entitlement to any relief, including but not limited to the relief sought in ¶ 63 of the Complaint.

WHEREFORE, Defendant LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with Prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692e(8)

64. LVNV incorporates ¶¶ 1-63 of this Answer as though more fully set forth here.

65. Admitted in part, denied in part. LVNV admits only the accuracy of any properly quoted statutory language included in ¶ 65 of the Complaint. Otherwise, LVNV denies these allegations.

66. LVNV denies the allegations in ¶ 66 of the Complaint.

67. LVNV denies the allegations in ¶ 67 of the Complaint.

68. LVNV denies the allegations in ¶ 68 of the Complaint.

69. LVNV denies the allegations in ¶ 69 of the Complaint.

70. LVNV denies Plaintiff's entitlement to any relief, including but not limited to the relief sought in ¶ 70 of the Complaint.

WHEREFORE, Defendant LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with Prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## COUNT 4
## VIOLATION OF 15 U.S.C. § 1692e(10)

71. LVNV incorporates ¶¶ 1-70 of this Answer as though more fully set forth here.

72. Admitted in part, denied in part. LVNV admits only the accuracy of any properly quoted statutory language included in ¶ 72 of the Complaint. Otherwise, LVNV denies these allegations.

73. LVNV denies the allegations in ¶ 73 of the Complaint.

74. LVNV denies the allegations in ¶ 74 of the Complaint.

75. LVNV denies the allegations in ¶ 75 of the Complaint.

76. LVNV denies Plaintiff's entitlement to any relief, including but not limited to the relief sought in ¶ 76 of the Complaint.

WHEREFORE, Defendant LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with Prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

To the extent that Plaintiff can establish he suffered any damages or harm (which LVNV expressly denies), any alleged damages to Plaintiff were caused, in whole or in part, by the acts, inaction, conduct, delay, or omissions of Plaintiff and/or

third parties over whom LVNV had no control and for whom LVNV has no responsibility.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff can establish he suffered any damages or harm (which LVNV expressly denies), any alleged damages to Plaintiff were caused, in whole or in part, by intervening and/or superseding causes and/or acts over which LVNV had no control and for which LVNV has no responsibility.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff can establish he suffered any damages or harm (which LVNV expressly denies), Plaintiff failed to mitigate his damages.

WHEREFORE, Defendant LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with Prejudice; and further award all such other relief, including attorney's fees and costs, as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879

MAUREEN B. WALSH, ESQUIRE
FL Bar No. 28179
1200 Riverplace Blvd.
Suite 105, #1558
Jacksonville, FL 32207
☏ (904) 892-6936
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com
✉ jmarees@messerstrickler.com
✉ mwalsh@messerstrickler.com
*Counsel for Defendant*

Dated: May 19, 2025

# CERTIFICATE OF SERVICE

I certify that on May 19, 2025, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN B. WALSH, ESQUIRE
FL Bar No. 28179
1200 Riverplace Blvd.
Suite 105, #1558
Jacksonville, FL 32207
(904) 892-6936
(904) 298-8350 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
*Counsel for Defendant*

Dated: May 19, 2025